**NOT FOR PUBLICATION**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. LORD BEYAH, *Defendant.* | Crim. No. 11-402 (KMW) **OPINION** |

**WILLIAMS, District Judge:**

**THIS MATTER** comes before the Court upon Defendant Lord Beyah's ("Defendant") Motion for a Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. No. 58). The Government opposes Defendant's motion. (Dkt. No. 61.) For the reasons set forth below, the Court **DENIES** Defendant's motion.

**I.    BACKGROUND**

Defendant is an inmate in federal custody at Allenwood Medium Federal Correctional Institute ("Allenwood"). (Dkt. No. 58 at 11.) On June 14, 2010, Defendant robbed a United States Post Office in Mizpah, New Jersey. (Presentence Report ("PSR") ¶¶ 6-22.) Upon entering the Post Office, Defendant leaped over the counter, displayed a knife, and demanded that the postmaster (the "victim") give him money. (*Id.* at ¶ 9.) The victim complied and gave Defendant all the money in her cash register. (*Id.*) Defendant then demanded the victim take him to the post office safe. (*Id.*) The victim complied and opened the safe. (*Id.*) As Defendant searched the safe for additional money, the victim attempted to flee by running out of the back door. (*Id.* at ¶ 10.) Defendant pursued her and forcibly dragged her back into the post office by her hair. (*Id.*) A struggle then ensued, and Defendant held his knife in the victim's face. (*Id.*) The victim then grabbed

3, 2026. (*Id.*) This is Defendant's second motion for a reduction in sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (*See* Dkt. Nos. 38-53.) Defendant's first motion was filed in August 2020 and denied by Judge Kugler on the record at a hearing held on January 7, 2021. (Dkt. Nos. 38, 52, 53.)

Defendant filed the present motion on July 30, 2024. (Dkt. No. 58.) Defendant did not include evidence that he first made his request for a sentence reduction to the warden of his current Bureau of Prisons ("BOP") facility, however, the Government has identified BOP records indicating that Defendant requested compassionate release due to: (1) his medical condition; (2) his rehabilitation; and (3) the prospective loss of care for his disabled child. (Gov't Ex. A, Dkt. No. 61-1.) Defendant also requested the warden transfer him to home conferment. (*Id.*) On July 30, 2024, the BOP sent Defendant a letter denying his requests. (Gov't Ex. B, Dkt. No. 61-2.)

## II. LEGAL STANDARD

The changes implemented by the First Step Act allow prisoners to directly petition the sentencing court for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). First, however, prisoners must satisfy the administrative exhaustion requirements laid out in the statute. *United States v. Alexander*, Crim. No. 19-32, 2020 WL 2507778, at *2 (D.N.J. May 15, 2020). To exhaust administrative remedies, a defendant must present his request for compassionate release to the warden of his prison. *United States v. Harris*, 973 F.3d 170, 171 (3d Cir. 2020). Thirty days after submitting the request or receiving a denial, whichever is earlier, the defendant may move for compassionate release in the district court. *Id.*

A court may reduce a defendant's term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with

3

§ 1B1.13 (the "Policy Statement"). The Policy Statement states in relevant part:

> (a) In General.—Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> > (1)(A) extraordinary and compelling reasons warrant the reduction; . . .
> > (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> > (3) The reduction is consistent with this policy statement.

The Policy Statement further provides that a nonretroactive change in law can be considered an extraordinary and compelling reason to warrant a sentence reduction for an "[u]nusually [l]ong [s]entence," as follows:

> if a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

### III. DISCUSSION

Defendant argues that he should be released to home confinement, or his sentence should be reduced, because: (1) he is serving an unusually long sentence that would be shorter if he were resentenced today, (Dkt. No. 58 at 2); (2) his medical conditions, (*id.* at 3); and (3) his rehabilitation while incarcerated, (*id.* at 3-4). The Court finds that Defendant has not established that these reasons merit a reduction to his sentence.[1]

---

[1] "Put simply, the First Step Act does not require a district court to accept a movant's argument that evidence of rehabilitation or other changes in law counsel in favor of a sentence reduction . . . Nor does the First Step Act require

5

in addition to the resultant psychological trauma. (*See* PSR ¶¶ 6-22.) Moreover, Defendant's background and history further weigh against his release. *See* 18 U.S.C. § 3553(a)(1). Defendant's criminal history demonstrates that he continuously engaged in significant criminal conduct prior to his current incarceration, including convictions for robbery, theft, drug distribution within 1,000 feet of a school zone, and firearms charges. (*See* PSR ¶¶ 45-93.) Despite serving multiple sentences for those crimes, Defendant was not deterred from committing the present offense.

Thus, the Court finds that Defendant's sentence at the maximum of the guidelines range was necessary to deter Defendant from future criminal conduct and reflect the seriousness of his violent offense against a federal employee. 18 U.S.C. § 3553(a)(2)(A)-(C). Accordingly, the Court finds that the Section 3553(a) factors weigh against Defendant's release and will deny his motion on this basis alone.[2] *See Babbs*, 2023 WL 4686323, at *5.

### c. Extraordinary and Compelling Reasons

#### i. The Unusually Long Sentence Provision Does Not Support Defendant's Release.

Defendant argues that if had been sentenced today the disparity with his sentence would be drastic. (Dkt. No. 58 at 2.) Notably, Defendant did not raise this ground for early release in his request to the BOP. (*See* Gov't Ex. A.) The exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) is mandatory. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). BOP regulations require that requests for compassionate release be made in writing and contain, at a minimum, "[t]he extraordinary or compelling circumstances that the inmate believe warrant consideration." C.F.R. § 571.61(a)(1). "[T]he Court must enforce the BOP regulations to ensure that requests for compassionate release are properly exhausted." *United States v. McNair*, 481 F. Supp. 3d 362, 367

---

[2] The Court notes that, while insufficient to overcome the Section 3553(a) factors, Defendant's participation in BOP programming is commendable and Defendant is strongly encouraged to continue his efforts at self-improvement.

7

would be VI, and his guidelines range would still be 188 to 235 months' imprisonment. U.S.S.G. §§ 2B3.1; 4A1.1; 4B1.1; and Ch. 5, Pt. A., Sentencing Table.

Furthermore, the Court finds that Defendant's sentence of 235 months imprisonment for robbery of a United States Post Office is not unusually long in comparison to similar offenders who committed similar crimes. According to the Sentencing Commission's Interactive Data Analyzer,[3] in fiscal years 2015 through 2023, 2,828 offenders with a criminal history category VI were sentenced under U.S.S.G. § 2B3.1. Three hundred fifty-four of those offenders, that is, 12.5%, were sentenced to between 15- and 20-years' imprisonment. About 13.2% of similarly situated offenders received sentences of more than 20-years' imprisonment. Thus, Defendant's approximately 19 ½ year sentence cannot be "unusually long" when approximately one-quarter of similarly situated defendants received similar or longer terms of imprisonment.

Finally, even if Defendant identified a specific a change in the law that resulted in a disparity with his current sentence, it would not constitute an extraordinary and compelling circumstance justifying relief unless Congress made that change retroactive. *See, e.g., Rutherford*, 120 F.4th at 376 (post-amendment affirmation that the nonretroactive change in sentencing law under § 924(c) cannot be a basis for consideration for compassionate release, alone or in combination with other factors); *Resto*, 2024 WL 5249246, at *7 (discussing *Rutherford*); *United States v. Rodriguez*, 2023 WL 4077341, *2 (3d Cir. 2023) (holding that "not benefitting from the non-retroactive application of *Nasir* is not extraordinary or compelling.").

Accordingly, the Court will not grant Defendant's Motion for Compassionate Release under the "unusually long sentence" provision.

---

[3] *See* https://ida.ussc.gov/.

do not prevent him from caring for himself or participating in daily activities. (*See* Gov't Ex. B.) Defendant has not presented any evidence to suggest otherwise.

Accordingly, the Court finds that Defendant's medical conditions do not rise to the level of extraordinary and compelling circumstances warranting his early release.

### iii. Defendant's Rehabilitation Alone Is Not An Extraordinary and Compelling Reason for Early Release.

Finally, having rejected all of Defendant's other arguments, the Court notes that Defendant's rehabilitation while incarcerated is not an independent ground for compassionate release. To wit, the Sentencing Commission's policy statement states, "Pursuant to 28 U.S.C. 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13(d); *see also Resto*, 2024 WL 5249246, at *6 ("[R]ehabilatation of the defendant alone shall not be considered an extraordinary and compelling reason."). The Court further notes that federal inmates are expected to take classes, participate in BOP programming, and attempt to rehabilitate themselves. While the Court commends Defendant for doing so, it does not find that Defendant's rehabilitation by itself constitutes an extraordinary and compelling reason to grant his request for early release.

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant's Motion for Compassionate Release (Dkt. No. 58). An Order consistent with this Opinion will be entered.

Dated: November ___, 2025

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE